1  DAVID R. ZARO (BAR NO. 124334)
   RYAN T. WAGGONER (BAR NO. 251694)
2  ALLEN MATKINS LECK GAMBLE
       MALLORY & NATSIS LLP
3  515 South Figueroa Street, Ninth Floor
   Los Angeles, California 90071-3309
4  Phone:    (213) 622-5555
   Fax:      (213) 620-8816
5  E-Mail:   dzaro@allenmatkins.com
             rwaggoner@allenmatkins.com
6
   Attorneys for Defendant
7  ONEWEST BANK, FSB

8              UNITED STATES BANKRUPTCY COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11 In re                              Bankruptcy Case No. 10-16454-LT13
          DIANE J. BEALL
12                                     Adversary Case No. 11-90028-LT

13 DIANE J. BEALL, an individual,      MEMORANDUM OF POINTS AND
                                       AUTHORITIES IN SUPPORT OF
14         Plaintiff,                  MOTION TO DISMISS ADVERSARY
      vs.                              COMPLAINT FOR FAILURE TO
15                                     STATE A CLAIM
   ONEWEST BANK, FSB, ITS ASSIGNS
16 AND/OR SUCCESSORS IN               Date:    July 12, 2011
   INTEREST; and all such persons     Time:    10:00 a.m.
17 claiming by, through, or under such Ctrm:    3
   person, all persons unknown, claiming Judge: Hon. Laura S. Taylor
18 any legal or equitable right, title, estate,
   lien, or interest in the property described
19 in the complaint adverse to Plaintiff's   Complaint Filed: January 22, 2011
   title thereto; and DOES 1-10, Inclusive,
20         Defendants.

21

22

23

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

885507.01/LA

Case No. 11-90028-LT
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................ 1

II.   FACTS .............................................................................................. 1

    A.    OneWest Possesses a Valid Interest in Beall's Mortgage
        Loan .......................................................................................... 1

    B.    Beall Filed a District Court Action to Challenge
        OneWest's Standing to Foreclose on the Property ................. 2

    C.    Beall Filed this Action to Similarly Challenge OneWest's
        Standing to Foreclose on the Property .................................... 3

III.  STANDARD FOR RULE 12(b)(6) MOTION ................................. 3

IV.   LEGAL ARGUMENT ........................................................................ 4

    A.    Beall Predicates Each Cause of Action on Her False
        Assertion that OneWest Lacks an Interest in the Loan ........ 4

    B.    Beall's Arguments Based on the "Produce the Note"
        Theory Fail ............................................................................... 4

    C.    Beall's Truth in Lending Act ("TILA") Claim Is Time-
        Barred ...................................................................................... 5

    D.    Beall's Cause of Action for Fraud Is Woefully Deficient
        and Undermined by Judicially-Noticeable Facts ................... 6

    E.    Beall Fails to Demonstrate that OneWest Published False
        Information that Harmed Her and, Therefore, Cannot State
        a Claim for Libel .................................................................... 7

    F.    The Complaint Fails to State a Claim for Quiet Title
        because Beall Has Not Tendered Back Her Debt .................. 7

V.    BEALL SHOULD BE ORDERED TO PROVIDE A MORE
    DEFINITE STATEMENT OF ANY REMAINING CLAIMS ...................... 8

VI.   CONCLUSION ..................................................................................... 8

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

885507.01/LA

(i)

Case No. 11-90028-LT
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Aguilar v. Bocci, 39 Cal.App.3d 475 (1974)............................................8

Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937 (2009)...........................4

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)........................3, 8

Betancourt v. Countrywide Home Loans, Inc.,
    344 F.Supp.2d 1253 (D. Colo. 2004)............................................5

Branch v. Tunnell, 14 F.3d 449 (9th Cir. 1994) ................................4

Candelo v. NDEX West, LLC, 2008 WL 5382259 (E.D. Cal. 2008) ......5

Decker v. Glenfeld, Inc., 42 F.3d 1541 (9th Cir. 1994)......................6

Durning v. First Boston Corp., 815 F.2d 1265 (9th Cir. 1987) ............4

Eubanks v. Liberty Mortgage Banking, Ltd.,
    976 F.Supp. 171 (E.D.N.Y. 1997)...............................................5

Fontana Land Co. v. Laughlin, 199 Cal. 625 (1926) .........................8

Gamboa v. Trustee Corps., 2009 WL 656285 (N.D. Cal. 2009) .........5

Ibarra v. Plaza Home Mortgage,
    2009 WL 2901637 (S.D. Cal. Sept. 4, 2009)...............................2

Kays v. Bundy, 92 Cal.App.2d 497 (1949).......................................7

King v. California, 784 F.2d 910 (9th Cir. 1986) .............................6

Meyer v. Ameriquest Mortgage Co., 342 F.3d 899 (9th Cir. 1971).....5, 6

Putkkuri v. Recontrust Co., 2009 WL 32567 (S.D. Cal. 2009) ...........5

Ricon v. Recontrust Co., 2009 WL 2407396 (S.D. Cal. 2009) ............6

Robertson v. Dean Witter Reynolds, Inc.,
    749 F.2d 530 (9th Cir. 1984) ....................................................3

San Diego Home Solutions, Inc. v. Recontrust Co.,
    2008 WL 5209972 (S.D. Cal. 2008)............................................5

Sony Pictures Entertainment, Inc. v. Fireworks Entertainment Group,
    Inc., 156 F.Supp.2d 1148 (C.D. Cal. 2001)................................3

Swartz v. KPMG LLP, 476 F.3d 756 (9th Cir. 2007).........................6

United States v. Ritchie, 342 F.3d 903 (9th Cir. 2003) .....................4

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

885507.01/LA

(ii)

Case No. 11-90028-LT
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS

| | **Page(s)** |
|---|---|
| _Van Winkle v. Allstate Ins. Co._, 290 F.Supp.2d 1158 (C.D. Cal. 2003)................4 | |
| _Vess v. Ciba-Geigy Corp. USA_, 317 F.3d 1097 (9th Cir. 2003) ........................ 6, 7 | |

**Statutes**

| | |
|---|---|
| 15 U.S.C. § 1640 ................................................................................5 | |
| California Civil Code, § 45 ................................................................7 | |

**Regulations**

| | |
|---|---|
| 12 C.F.R. § 226.2 ...............................................................................5 | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

885507.01/LA

(iii)

Case No. 11-90028-LT
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS

1    Defendant OneWest Bank, FSB ("OneWest") submits the following

2  memorandum of points and authorities in support of its motion to dismiss the

3  Adversary Complaint of Plaintiff Diane J. Beall ("Beall"), pursuant to Federal Rule

4  of Civil Procedure, Rule 12(b)(6), which is made applicable to bankruptcy

5  proceedings pursuant to Federal Rule of Bankruptcy Procedure, Rule 7012.  In the

6  alternative, OneWest moves for an order requiring Beall to provide a more definite

7  statement of her claims, pursuant to Federal Rules of Civil Procedure, Rule 12(e).

8          **MEMORANDUM OF POINTS AND AUTHORITIES**

9  I.    **INTRODUCTION.**

10    This action concerns Beall's admitted default on a residential mortgage loan.

11  Beall filed for Chapter 13 bankruptcy protection after she defaulted on her loan.

12  OneWest objected to Beall's proposed Chapter 13 plan because the plan is not

13  feasible.  Beall argues that OneWest lacks any interest in her loan and, therefore,

14  lacks standing to object to the confirmation of Beall's proposed Chapter 13 plan.

15  Beall's bald, conclusory claims lack any factual or legal support and are thus

16  insufficient to state a claim for relief against OneWest.  Accordingly, OneWest

17  respectfully requests an order, pursuant to Federal Rules of Civil Procedure,

18  Rule 12(b)(6), dismissing each cause of action in the Complaint with prejudice or, in

19  the alternative, an order requiring Beall to provide a more definite statement of her

20  claims, pursuant to Federal Rules of Civil Procedure, Rule 12(e).

21  II.    **FACTS.**

22        A.    **OneWest Possesses a Valid Interest in Beall's Mortgage Loan.**

23    On July 20, 2004, Beall entered the mortgage loan transaction to purchase a

24  single family residence located at 16377 Arnold Avenue, Lake Elsinore, California

25  (the "Property"). (Complaint, ¶ 4; Request for Judicial Notice ["RJN"], Exhibit "A.")

26  On July 11, 2009, the Office of Thrift Supervision closed IndyMac, appointed the

27  Federal Deposition Insurance Corporation ("FDIC") as Receiver for IndyMac under

28  12 U.S.C. §§ 1464(d)(2)(A) and 1821(c)(5), chartered a new institution, IndyMac

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

885507.01/LA                                    -1-                    Case No. 11-90028-LT
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS

1  Federal Bank, FSB ("IndyMac Federal"), as successor-in-interest, and appointed the

2  FDIC as Conservator to operate the new institution.  See Ibarra v. Plaza Home

3  Mortg., No. 08-CV-01707-H (JMA), 2009 WL 2901637, at *2 (S.D. Cal. Sept. 4,

4  2009).

5       On March 10, 2010, the FDIC, as receiver for IndyMac Federal, recorded a

6  Corporate Assignment of Deed of Trust, assigning Beall's Deed of Trust and Note

7  to OneWest.  (RJN, Exhibit "B.").  On May 25, 2010, Quality Loan Service

8  Corporation ("Quality") recorded a Notice of Default.  (RJN, Exhibit "C.")  On

9  July 7, 2010, a Substitution of Trustee was recorded that substituted Quality as

10  Trustee under the Deed of Trust in place of the original Trustee, First American

11  Title Insurance Company.  (RJN, Exhibit "D.")  On August 27, Quality filed a

12  Notice of Trustee's Sale (RJN, Exhibit "E.")

13  **B.    Beall Filed a District Court Action to Challenge OneWest's**

14  **Standing to Foreclose on the Property.**

15       Beall filed a virtually identical lawsuit on September 13, 2010 in the United

16  States District Court, Southern District of California, entitled Diane Beall fka

17  Templin v. Quality Loan Service Corp., et al., bearing Case No. 10-CV-1900

18  IEG(WVG) (the "District Court Action").  That same day, Beall requested, on an

19  ex parte basis, a temporary restraining order barring OneWest from selling the

20  Property at a Trustee's Sale.  The Honorable Irma E. Gonzalez denied Beall's

21  ex parte application.  (RJN, Exhibit "F").  OneWest thereafter filed a motion to

22  dismiss Beall's Complaint in the District Court Action.  The Honorable Irma E.

23  Gonzalez granted OneWest's motion, with leave to amend.  (RJN, Exhibit "G").

24  Beall filed an amended Complaint, but the amended Complaint was similarly

25  deficient.  Accordingly, OneWest filed a motion to dismiss Beall's amended

26  Complaint, which the Honorable Irma E. Gonzalez will hear on March 7, 2011.

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

885507.01/LA                    -2-                    Case No. 11-90028-LT
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS

1    **C.    Beall Filed this Action to Similarly Challenge OneWest's Standing**
2    **to Foreclose on the Property.**

3    Beall avers that OneWest has no interest in her mortgage loan.  (Complaint,
4    ¶ 10.)  Beall contends that any assignment of her loan to OneWest was improper.
5    (Complaint, ¶¶ 12, 13.)  Beall alleges an "Examination and Audit Report" prepared
6    by Charles Horner, supports her claims.  Beall indicates that Mr. Horner's report is
7    attached to the Complaint as Exhibit A.  (Complaint, ¶ 12.)  There are no exhibits
8    attached to Beall's Complaint.  Beall also contends that "[i]n order to lawfully
9    foreclose, the security interests, *i.e.*, the Deed of Trust and Note, must be delivered
10   to and in possession of the foreclosing trustee," *i.e.*, that the entity foreclosing on her
11   mortgage loan must "produce the note" in order to validate its standing.  (Complaint,
12   ¶ 14.)  On this basis, Beall requests an order declaring that OneWest has no interest
13   in her mortgage loan or Property.

14   **III.    STANDARD FOR RULE 12(b)(6) MOTION.**

15   "A complaint may be dismissed as a matter of law for one of two reasons:
16   (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal
17   claim."  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir.
18   1984).  In evaluating a motion to dismiss under Rule 12(b)(6), a court must accept
19   as true the factual allegations of the complaint; however, "a court need not accept as
20   true unreasonable inferences, unwarranted deductions of fact, or conclusory legal
21   allegations cast as factual allegations."  Sony Pictures Entertainment, Inc. v.
22   Fireworks Entertainment Group, Inc., 156 F.Supp.2d 1148, 1153 (C.D. Cal. 2001).

23   "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not
24   need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of
25   his 'entitlement to relief' requires more than labels and conclusions, and a formulaic
26   recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v.
27   Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).  The pleading
28   standard which a complaint must satisfy "does not require 'detailed factual

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

885507.01/LA                                          -3-

Case No. 11-90028-LT
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS

1  allegations,' but it demands more than an unadorned, the-defendant-unlawfully-

2  harmed-me accusation." <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S.Ct. 1937, 1949 (2009).

3       Finally, for a Rule 12(b)(6) motion, a court generally cannot consider material

4  outside the compliant. <u>See</u> <u>Branch v. Tunnell</u>, 14 F.3d 449, 453-54 (9th Cir. 1994).

5  A court may, however, consider exhibits submitted with the complaint. <u>Van Winkle</u>

6  <u>v. Allstate Ins. Co.</u>, 290 F.Supp.2d 1158, 1162 n.2 (C.D. Cal. 2003).  A court may

7  treat such document as "part of the complaint, and thus may assume that its contents

8  are true for purposes of a motion to dismiss under Rule 12(b)(6)." <u>United States v.</u>

9  <u>Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003).  A court may disregard allegations in the

10  complaint if they are contradicted by facts established by exhibits attached to the

11  complaint. <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987).

12  Thus, this Court may consider pertinent loan and foreclosure documents submitted

13  by Beall and OneWest.

14  **IV.    LEGAL ARGUMENT.**

15       **A.    Beall Predicates Each Cause of Action on Her False Assertion that**

16            **OneWest Lacks an Interest in the Loan.**

17       Each of Beall's claims rest on her erroneous assertion that OneWest does not

18  possess any interest in her mortgage loan.  (Complaint, ¶ 10.)  Beall's allegations

19  contradict judicially-noticeable facts.  On March 10, 2010, the FDIC, as receiver for

20  IndyMac Federal, recorded a Corporate Assignment of Deed of Trust, assigning the

21  Deed of Trust and Note to OneWest.  (RJN, Exhibit "B.").  Beall's allegations

22  contradict the public record and must be disregarded. <u>Durning</u>, 815 F.2d at 1267

23  (A court may disregard allegations in the complaint if they are contradicted by facts

24  established by exhibits).

25       **B.    Beall's Arguments Based on the "Produce the Note" Theory Fail.**

26       Each cause of action asserted by Beall rests on her mistaken belief that

27  OneWest must "produce the note" before conducting a trustee's sale of the Property.

28  (<u>See</u>, <i>e.g.</i>, Complaint, ¶ 24.)  This "produce the note" argument, raised in many

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP
885507.01/LA
-4-
Case No. 11-90028-LT
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS

1  actions by borrowers seeking to delay or avoid foreclosure, is meritless.  California

2  courts consistently reject this argument because "the statutory framework governing

3  non-judicial foreclosures contains no requirement that the lender produce the

4  original note to initiate the foreclosure process."  Gamboa v. Trustee Corps., 2009

5  WL 656285 at *4 (N.D. Cal. 2009); see also Putkkuri v. Recontrust Co., 2009 WL

6  32567 at *2 (S.D. Cal. 2009) ("Pursuant to section 2924(a)(1) of the California Civil

7  Code, the trustee of a Deed of Trust has the right to initiate the foreclosure

8  process… Production of the original note is not required to proceed with a non-

9  judicial foreclosure."); Candelo v. NDEX West, LLC, 2008 WL 5382259 at*4 (E.D.

10  Cal. 2008); San Diego Home Solutions, Inc. v. Recontrust Co., 2008 WL 5209972

11  at *2 (S.D. Cal. 2008).  The law is clear that Beall's "produce the note" argument

12  fails to substantiate any cause of action contained in the Complaint.

13      **C.      Beall's Truth in Lending Act ("TILA") Claim Is Time-Barred.**

14          Beall seeks statutory damages under TILA despite the fact that this claim is

15  time-barred. Civil penalties under TILA are subject to a one-year statute of

16  limitation. 15 U.S.C. § 1640(e).  It is well-settled that "an action for damages under

17  TILA must be brought within one year from the alleged violation." Eubanks v.

18  Liberty Mortgage Banking, Ltd., 976 F.Supp. 171, 174 (E.D.N.Y. 1997).  The

19  violation occurs and the one-year limitation period accrues upon consummation of

20  the loan. Betancourt v. Countrywide Home Loans, Inc., 344 F.Supp.2d 1253, 1258

21  (D. Colo. 2004), see also 12 C.F.R. § 226.2(a)(13) (a loan is deemed consummated

22  at "the time a consumer becomes contractually obligated on a credit transaction");

23  Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 901 (9th Cir. 1971) (stating that

24  the "failure to make the required disclosures occurred, if at all, at the time the loan

25  documents were signed").  Here, Beall concedes that she obtained the loan in July

26  2003 but failed to file the instant action until January 2011.  The claim is thus time-

27  barred.

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

885507.01/LA

-5-

Case No. 11-90028-LT
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS

1    While the "doctrine of equitable tolling may, in the appropriate

2  circumstances, suspend the limitations period until the borrower discovers or had a

3  reasonable opportunity to discover the fraud or nondisclosures that form the basis of

4  the TILA action," Beall has not alleged specific facts demonstrating that she could

5  not have discovered the alleged violations by exercising reasonable diligence.  King

6  v. California, 784 F.2d 910, 913 (9th Cir. 1986); Meyer v. Ameriquest Mortg. Co.,

7  342 F.3d 899, 902 (9th Cir. 2003) (refusing to apply equitable tolling to TILA claim

8  because the plaintiff was in full possession of all loan documents and did not allege

9  any concealment of loan documents or other action that would have prevented

10  discovery of the alleged TILA violations).  Thus, Beall has not pleaded facts giving

11  rise to equitable tolling.

12    **D.    Beall's Cause of Action for Fraud Is Woefully Deficient and**

13    **Undermined by Judicially-Noticeable Facts.**

14    Beall baldly alleges that OneWest committed fraud by representing that it

15  possessed an interest in her mortgage loan.  No claim is stated.  Allegations of fraud

16  must meet the heightened pleading standards of Federal Rule of Civil Procedure

17  9(b), which require allegations of "particular facts going to the circumstances of the

18  fraud, including time, place, persons, statements made and an explanation of how or

19  why such statements are false or misleading."  A plaintiff must therefore include

20  "the who, what, when, where, and how of the fraud."  Vess v. Ciba-Geigy Corp.

21  USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citation omitted).  A "plaintiff

22  must set forth what is false or misleading about a [specific] statement, and why it is

23  false."  Decker v. Glenfeld, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994).

24    Further, "[w]here multiple defendants are asked to respond to allegations of

25  fraud, the complaint must inform each defendant of his alleged participation in the

26  fraud."  Ricon v. Recontrust Co., 2009 WL 2407396, *3 (S.D. Cal. 2009); Swartz v.

27  KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007) ("[R]ule 9(b) does not allow a

28  complaint to merely lump multiple defendants together but 'require[s] plaintiffs to

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

885507.01/LA                                    -6-                        Case No. 11-90028-LT
                                                                    MEMORANDUM IN SUPPORT OF
                                                                         MOTION TO DISMISS

1  differentiate their allegations … and inform each defendant separately of the

2  allegations surrounding his alleged participation in the fraud.' [A] plaintiff must, at

3  a minimum, 'identif[y] the role of [each] defendant[ ] in the alleged fraudulent

4  scheme.'") (internal citation omitted).

5      Here, Beall's impermissibly broad and general allegations fail to state a claim

6  for fraud against OneWest. Beall merely alleges that "OneWest falsely represented

7  to Plaintiff that they received valid assignment of the Deed of Trust." (Complaint,

8  ¶ 66.) Beall fails to include "the who, what, when, where, and how of the fraud," as

9  required by Vess and its progeny. 317 F.3d 1097 at 1106. Accordingly, Beall's

10  fraud claim fails as a matter of law.

11  **E.      Beall Fails to Demonstrate that OneWest Published False**

12  **Information that Harmed Her and, Therefore, Cannot State a**

13  **Claim for Libel.**

14      Beall contends that OneWest committed libel when the FDIC, as receiver for

15  IndyMac Federal, recorded a Corporate Assignment of Deed of Trust, assigning the

16  Deed of Trust and Note to OneWest. (RJN, Exhibit "B."). Under California law,

17  "[l]ibel is a false and unprivileged publication … which exposes any person to

18  hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or

19  avoided, or which has a tendency to injure him in his occupation." Cal. Civ. Code §

20  45. It is unclear how IndyMac Federal's recordation of a Corporate Assignment of

21  Deed of Trust constitutes libel, as the information contained in the Corporate

22  Assignment of Deed of Trust is accurate. Thus, Beall's libel claim fails.

23  **F.      The Complaint Fails to State a Claim for Quiet Title because Beall**

24  **Has Not Tendered Back Her Debt.**

25      Beall seeks to quiet title to the Property in her name alone, without repaying

26  the sums due under her mortgage loan. The law is settled, however, that "a

27  mortgagor may not quiet title against a mortgage unless and until he pays his debt

28  secured by the mortgage." Kays v. Bundy, 92 Cal.App.2d 497, 499 (1949), citing

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

885507.01/LA                                    -7-                    Case No. 11-90028-LT
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS

1  Fontana Land Co. v. Laughlin, 199 Cal. 625, 639 (1926).  Beall cannot simply

2  "quiet title without discharging [her] debt.  The cloud upon [her] title persists until

3  the debt is paid."  Aguilar v. Bocci, 39 Cal.App.3d 475, 477 (1974).  Here, Beall has

4  not repaid her debt and, thus, cannot advance a claim for quiet title.

5  **V.    BEALL SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE**

6        **STATEMENT OF ANY REMAINING CLAIMS.**

7        If this Court does not dismiss all of the causes of action asserted in

8  Complaint, the Court should order Beall to provide a more definite statement of the

9  remaining claims.  Rule 12(e) authorizes a motion for more definite statement to be

10  granted when the pleading is "so vague or ambiguous that [the defendant] cannot

11  reasonably be required to frame a responsive pleading."  Fed. R. Civ. P. 12(e).  The

12  Complaint fails to "plead a short and plain statement" of the elements of Beall's

13  claims.  Furthermore, the Complaint fails to satisfy the standard requiring "more

14  than labels and conclusions" to plead claims that are "plausible on [their] face."  Bell

15  Atlantic, 550 U.S. at 545, 547.  If this Court allows any of Beall's claims to survive,

16  Beall should be ordered to set forth in detail the specific facts supporting each count

17  they assert.

18  **VI.    CONCLUSION.**

19        For the foregoing reasons, OneWest respectfully requests that the Court grant

20  the Motion to Dismiss Beall's adversary Complaint, with prejudice.

21

22  Dated:  February 22, 2011        ALLEN MATKINS LECK GAMBLE

23                        MALLORY & NATSIS LLP
                         DAVID R. ZARO

24                        RYAN T. WAGGONER

25                    By:    */s/ Ryan T. Waggoner*

26                        RYAN T. WAGGONER
                         Attorneys for Defendant

27                        ONEWEST BANK, FSB

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

885507.01/LA

-8-

Case No. 11-90028-LT
MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS

1

**PROOF OF SERVICE**

2
        I am employed in the County of Los Angeles, State of California.  I am over
the age of eighteen (18) and not a party to this action.  My business address is 515
3   South Figueroa Street, Ninth Floor, Los Angeles, California 90071-3309.

4
        On February 22, 2011, I served the within document(s) described as:

5   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
    OF MOTION TO DISMISS ADVERSARY COMPLAINT FOR
6                 FAILURE TO STATE A CLAIM

7   with the Clerk of the Court using the CM/ECF system which will send notification
    of such filing to:

8

9   Garry Harre, Esq.                          *Counsel for Plaintiff*
    Global Capital Law, PC                     T: 714.907.4182 – F: 714.907.4175
    17612 Beach Boulevard, Suite 8             E: globalcapitallaw@gmail.com
10  Huntington Beach, CA 92647-6873

11  David L. Skelton, Esq.                     *Chapter 13 Trustee*
    525 "B" Street, Suite 1430                 T: 619.338.4010 – F: 619.239.5242
12  San Diego, CA 92101-4432                   E: dskelton@covad.net

13  ☐   **COURTESY COPY BY MAIL:**  I placed a true copy of the document in a
        sealed envelope or package addressed as indicated above in Los Angeles,
14      California for collection and mailing pursuant to the firm's ordinary business
        practice.  I am familiar with the firm's practice of collection and processing
15      correspondence for mailing.  Under that practice it would be deposited with
        the U.S. Postal Service on that same day in the ordinary course of business.
16      I am aware that on motion of party served, service is presumed invalid if
        postal cancellation date or postage meter date is more than one day after date
17      of deposit for mailing in affidavit.

18  ☐   **COURTESY COPY BY DIRECT E-MAIL:**  I caused a true copy of the
        document to be sent to the person/s at the corresponding electronic address/es
19      above from fkalve@allenmatkins.com.  I am readily familiar with this firm's
        Microsoft Outlook electronic mail system and did not receive an electronic
20      message or other indication that the transmission was unsuccessful.

21
        I declare under penalty of perjury that I am employed in the office of a
22  member of the bar of this Court at whose direction the service was made and that the
    foregoing is true and correct.

23  Executed on February 22, 2011, at Los Angeles, California.

24

25  _____        _____
        Frederick Kalve
        (Type or print name)                   (Signature of Declarant)

26

27

28